**WEILAND GOLDEN LLP**
Michael J. Weiland, State Bar No. 96672
mweiland@wgllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Jeffrey I. Golden

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:07-bk-13812-BB |
| H&C DISPOSAL COMPANY, | Chapter 7 |
| Debtor. | **MOTION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO CLOSE CASE LEAVING AN ASSET UNADMINISTERED; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY I. GOLDEN IN SUPPORT** |
| | **DATE:    October 7, 2015**<br>**TIME:    10:00 a.m.**<br>**PLACE:   Courtroom 1475**<br>**255 E. Temple Street**<br>**Los Angeles, CA 90012** |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE:**

Jeffrey I. Golden, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of H&C Disposal Company (the "Debtor"), files this *Motion for Order Authorizing Chapter 7 Trustee to Close Case Leaving an Asset Unadministered* (the "Motion"). In support of the Motion, the Trustee submits the following memorandum of points and authorities and his declaration (the "Golden Declaration").

## I. INTRODUCTION

The Trustee has administered assets of the Estate and is in the process of resolving certain objectionable claims. The only remaining issue is the ongoing collection of judgments. Due to the age of this case, the Trustee believes it is in the best interest of the Estate to close the case and to leave the collection of judgments unadministered. Therefore, the Trustee seeks an order authorizing the Trustee to close the case although the collection of judgments may continue. In the event additional funds are recovered, the Trustee will seek to reopen the case for further administration.

## II. FACTUAL BACKGROUND

### A. The Debtor's Bankruptcy Filing and the Trustee's Appointment

The Debtor was a closely-held corporation that was the owner-operator of a trash disposal company that serviced both residential and commercial customers in the city of Hawthorne, California. When it filed its voluntary chapter 11 bankruptcy petition on May 10, 2007, the Debtor provided services to approximately 600-650 residential customers and approximately 34 commercial customers.

The Trustee was appointed chapter 11 trustee on January 14, 2008, after an examiner concluded that the Debtor's business had been mismanaged prepetition and postpetition and that its books and records were unreliable and in disarray. On May 20, 2008, on motion of the Trustee, the Court converted the Debtor's case to one under chapter 7, and the Trustee was appointed chapter 7 trustee.

### B. Adversary Proceedings

After his appointment, the Trustee, with the assistance of counsel, conducted his own examination into the complex set of facts and circumstances surrounding the Debtor's demise. Matthew Bagdasarian ("Bagdasarian") was the chief executive officer and a director of the Debtor. While Bagdasarian was employed by the Debtor, he maintained a close personal relationship with another of the Debtor's employees, Velma Jean Treffert ("Treffert"). As the Debtor's CEO, Bagdasarian was responsible for, among

other duties, controlling the Debtor's business operations and accounting, and directing its employees. While he was an employee of the Debtor, Bagdasarian breached his fiduciary duty and converted $1,174,503.28 of the Debtor's funds, thereby damaging the Debtor's Estate.

Accordingly, the Trustee commenced adversary proceedings against Bagdasarian and Treffert, Adv. No. 2:09-ap-01541-BB and Adv. No. 2:09-ap-01538-BB, respectively, that included causes of action for, among other things, conversion, avoidance of fraudulent transfers, and breach of fiduciary duty. After Bagdasarian and Treffert failed to answer, the Court entered their defaults and the Trustee then prepared motions for default judgment that the Court granted, finding Bagdasarian and Treffert jointly and severally liable for damages in the amount of $1,174,503.28 (the "Judgments"). The Trustee filed judgment liens against personal property and recorded abstracts as initial steps to collect these Judgments.

### C. Employment of Hemar, Rousso & Heald, LLP

By order entered February 13, 2013, the Trustee was authorized to employ Hemar, Rousso & Heald, LLP ("Special Counsel") as his special counsel to pursue collection of the Judgments. The terms of Special Counsel's employment provide:

1. <u>Contingency Fee</u>. Special Counsel shall receive a one-third (1/3) contingency fee of any amounts it recovers on behalf of the Estate, and shall be reimbursed its actual, out-of-pocket expenses though it shall first look to the Cost Retainer for payment of expenses, as set forth below.

2. <u>Cost Retainer</u>. Upon entry of an order approving Special Counsel's employment on the terms set forth herein, Special Counsel shall receive a cost retainer from the Estate of $10,000.00 from funds on hand (the "Cost Retainer"). Special Counsel may apply the Cost Retainer to costs incurred in connection with the enforcement of the Judgments without the necessity of a further Court order. If any portion of the Cost Retainer remains upon the conclusion of Special Counsel's services, it shall return the unused portion to the Estate.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

3. <u>Payment</u>.  Upon (a) entry of an order of the Court approving Special Counsel's employment on the terms set forth herein, and (b) receipt of funds from recoveries related to the Judgments as set forth above, the Trustee will be authorized to pay Special Counsel's contingency fee and reimburse its actual, out-of-pocket expenses in excess of the Cost Retainer without submission of an interim or final fee application by Special Counsel and without further order of the Court.

To date, Special Counsel has collected $27,568.82 on account of the Judgments, and there is a possibility that Special Counsel may collect additional amounts.

## III.    CASE STATUS

The Trustee has received $864,788.49 through the sale of assets and through the collection of accounts receivable, the Judgments and trash collection fees, and is currently holding $96,782.37 in Estate funds.  The Trustee has completed his review of 80 proofs of claim and has brought objections to certain claims.  At this time, it appears that the Judgments are the last asset of value to the Estate.  With the exception of the Judgments, the Trustee has fully administered all assets of the Estate and intends to file his final report by November 30, 2015.

## IV.    REQUEST TO CLOSE CASE WITH UNADMINISTERED ASSET

Section 704(a)(1) of the Bankruptcy Code requires the Trustee to close the Estate as expeditiously as is compatible with the best interests of parties in interest.  Section 554(c) of the Bankruptcy Code provides that "[u]nless the Court orders otherwise, any property scheduled under section 521(a) of this title not otherwise administered at the time of the closing of the case is abandoned to the debtor and administered for the purposes of section 350 of this title."

As this is an "aged" case pursuant to the definition in the Chapter 7 Trustee Guidelines, the Trustee is moving forward with closing the case, even though the Judgments have not been fully administered.  The Trustee is requesting authority to close

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

the case with this unadministered asset, but that the Judgments not be abandoned back to the Debtor. In this case there is sufficient cause for the Court to "order otherwise," inasmuch as abandonment of this asset to the Debtor will preclude any distribution to creditors of this Estate in the event of a recovery. After the closing of the case Special Counsel may continue to collect additional amounts on account of the Judgments, and if this occurs, the Trustee will seek to reopen the case.

The Trustee also requests that under these particular circumstances, Special Counsel be authorized to withdraw any earned contingency fee from amounts recovered on behalf of the Estate and to forward the balance to the Trustee, without being required to submit either an interim or a final fee application.

## V.     CONCLUSION

Based on the foregoing, the Trustee respectfully requests that the Court enter an order:

1.     Granting the Motion;

2.     Authorizing the Trustee to file a final report and request that the case be closed with an unadministered asset;

3.     Excepting the Judgments from abandonment pursuant to the provisions of 11 U.S.C. § 554(c);

4.     If Special Counsel is successful in collecting additional amounts on account of the Judgments, authorizing Special Counsel to withdraw any earned contingency fee from amounts recovered on behalf of the Estate and to forward the balance to the Trustee;

5.     Authorizing the Trustee to reopen the case in the event he receives additional funds;

6.     Directing Special Counsel to notify the Trustee of the status of collections immediately upon any recovery; and

1     7.    For such other and further relief as the Court deems just and proper.

2     Respectfully submitted,

3 Dated: September 16, 2015    WEILAND GOLDEN LLP

5     By:  /s/ BETH E. GASCHEN

6     BETH E. GASCHEN
    Attorneys for Chapter 7 Trustee,
    Jeffrey I. Golden

**Weiland Golden LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1037578.1    6    MOTION

# **DECLARATION OF JEFFREY I. GOLDEN**

I, Jeffrey I. Golden, declare as follows:

1. I am the chapter 7 trustee (the "Trustee") for the estate (the "Estate") of H&C Disposal Company (the "Debtor"). I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion for Order Authorizing Chapter 7 Trustee to Close Case With Unadministered Asset* (the "Motion"). Any term not defined herein shall have the meaning set forth in the Motion.

2. According to the Court's docket, on May 10, 2007, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the bankruptcy case. I was appointed chapter 11 trustee on January 14, 2008. On May 20, 2008, the Court converted the Debtor's case to chapter 7, and I was appointed chapter 7 trustee.

3. By order entered February 13, 2013, I was authorized to employ Special Counsel to pursue collection of the Judgments. Special Counsel has collected $27,568.82 on account of the Judgments, and there is a possibility that Special Counsel may collect additional amounts. Therefore, the Judgments are an unadministered asset.

4. To date, I have received $864,788.49 through the sale of assets and through the collection of accounts receivable, the Judgments and trash collection fees, and I am currently holding $96,782.37 in Estate funds. I have completed my review of 80 proofs of claim and have brought objections to certain claims. With the exception of the Judgments, I have fully administered all assets of the Estate and intend to file my final report prior to November 30, 2015. At this time, it appears that the Judgments are the last asset of value to the Estate.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

5.    Because this is an "aged" case pursuant to the definition in the Chapter 7 Trustee Guidelines, I request that this case be closed with an unadministered asset and with approval to reopen the case if and when additional funds are collected.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 16TH day of September, 2015, at Costa Mesa, California.

                                         Jeffrey I. Golden

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO CLOSE CASE LEAVING AN ASSET UNADMINISTERED; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY I. GOLDEN IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 16, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **September 16, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 16, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Sheri Bluebond, 255 E. Temple Street, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 16, 2015 | Kelly Adele | /s/ *Kelly Adele* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**
1037578.1

**VIA U.S. MAIL**
H & C Disposal Company
PO Box 467
Hawthorne, CA 90250
**Debtor**

**Electronic Mail Notice List**
Kyra E Andrassy     kandrassy@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
Stephen F Biegenzahn     efile@sfblaw.com
William H Brownstein     Brownsteinlaw.bill@gmail.com
Jennifer Witherell Crastz     jcrastz@hemar-rousso.com
Lei Lei Wang Ekvall     lekvall@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
Beth Gaschen     bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
Jeffrey I Golden     ljones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
Jeffrey I Golden (TR)     ljones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
HOWARD Grobstein     , documents@gtfas.com
Lesley A Hawes     lesley.hawes@dentons.com, chris.omeara@dentons.com
William H. Kiekhofer     wkiekhofer@mcguirewoods.com
Scott Lee     slee@lbbslaw.com, monique.talamante@lewisbrisbois.com
John T Madden     jmadden@katzyoon.com
Alvin Mar     alvin.mar@usdoj.gov
Randall P Mroczynski     randym@cookseylaw.com
Vicki L Schennum     schennumlaw@gmail.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov