**William H. Brownstein, SBN 84507**
**William H. Brownstein & Associates,**
**Professional Corporation**
12301 Wilshire Boulevard
Suite 500
Los Angeles, CA 90025-1023
(310) 458-0048
FAX: (310) 576-3581
Email: Brownsteinlaw.bill@gmail.com
Specially Appearing on behalf of Henry F. Johnson, Deceased

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| In re:<br><br>H & C DISPOSAL, INC.,<br><br>Debtor(s). | Case No. 2:07-bk-13812BB<br><br>Chapter 7<br><br>DECLARATION OF WILLIAM H. BROWNSTEIN IN RESPONSE TO MOTION TO DISALLOW CLAIM OF HENRY F. JOHNSON, GREENLEAF DISTRIBUTION SERVICES, INC. (Claim 68-1); REQUEST FOR CONTINUANCE PURSUANT TO LBR 9013-1(m)<br><br>DATE: October 7, 2015<br>TIME: 10:00 a.m.<br>LOCATION: Courtroom 1475<br>                255 East Temple Street<br>                Los Angeles, CA 90012<br>FLOOR: Fourteenth |
|---|---|

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE BY AND THROUGH HIS COUNSEL, THE UNITED STATES TRUSTEE FOR THE CENTRAL DISTRICT OF CALIFORNIA AND THE OTHER PARTIES IN INTEREST:**

    William H. Brownstein, of William H. Brownstein & Associates, Professional Corporation, Chapter 11 counsel for H & C Disposal, Inc., is filing the following Declaration of William H. Brownstein in Response to Motion to Disallow Claim of Henry F. Johnson, Greenleaf Distribution Services, Inc. (Claim 68-1); Request for Continuance (the "Response"),

DECLARATION OF WILLIAM H. BROWNSTEIN IN RESPONSE TO MOTION TO DISALLOW CLAIM OF HENRY F. JOHNSON, GREENLEAF DISTRIBUTION SERVICES, INC. (Claim 68-1); REQUEST FOR CONTINUANCE PURSUANT TO LBR 9013-1(m)

1

1 the hearing on which is scheduled to take place on October 7, 2015 at 10:00 a.m., or as soon
2 thereafter as the Honorable Sheri Bluebond, Bankruptcy Judge, will hear the matter in her
3 courtroom which is located at 255 East Temple Street, Courtroom 1475, Fourteenth Floor,
4 Los Angeles, California 90012.

5     1.    This case was filed as Chapter 11 case in 2007.

6     2.    During the administration of the Chapter 11 case I am aware that Henry F.
7 Johnson was employed as a consultant to work for the Debtor in its operation. From my prior
8 knowledge of Mr. Johnson he had been actively engaged in the waste management business
9 which is the same business operated by the Debtor for several years.

10     3.    On December 28, 2008, Mr. Johnson filed a Proof of Claim seeking payment for
11 the services performed as a consultant for the Debtor.

12     4.    At the time that Mr. Johnson filed his Proof of Claim this was and continued to
13 be a Chapter 7 case being administered by Jeffrey I. Golden, Chapter 7 Trustee (the
14 "Trustee").

15     5.    Mr. Johnson died in May 2012, as of the time that he died nothing was done
16 regarding that 3 ½ year old proof of claim.

17     6.    Due to the death of Mr. Johnson, the purported notice of the objection, Doc.
18 299, was neither received by him or by the Corporation shown on the proof of service filed by
19 the Trustee as it would be an impossibility for Mr. Johnson as "president" of the company to
20 have received notice as a dead person cannot be the president of a company or the agent for
21 service of process.

22     7.    Debtors counsel, after receiving notice of the objection, in September, 2015,
23 sent a copy to Debtor's daughter, Lisa Johnson Woods ("LJW"), and it was not until late
24 September 2015 when she responded and requested that a response requesting a
25 continuance be filed. She also requested that William H. Brownstein & Associates,
26 Professional Corporation appear on behalf of Mr. Johnson's children and heirs to present
27 their position, which it agreed to do.

28     8.    According to Ms. Johnson, at the time of Mr. Johnson's death he had no estate

1 and as such no estate had been opened to administer. In fact, the only possible asset in his
2 estate would be his entitlement under his proof of claim which had overall been disregard and
3 ignored since the Trustee's appointment in this case in or around 2008, almost seven years
4 ago.

5     9.    It is noted that as the counsel for the Debtor, the Debtor retained the personal
6 services of Mr. Johnson and that it had no problem with Mr. Johnson's services nor does it
7 have any belief that he was an outside professional. He was employed at the location of the
8 Debtor, was involved with its operations and the services for which he was performing was
9 from what I understand the regular operations of management of a debtor in Debtors industry
10 and business.

11     10.    Unfortunately, however, due to the fact that Mr. Johnson is deceased and has
12 been for more than three years, and due to the fact that notice of the objection was NOT
13 received by him, which was an impossibility, or his family until I got them a copy, and
14 Greenleaf Distribution Services, Inc., for which I do not see any basis for a claim or objection
15 thereto, was never properly served as its "president" could not, possibly continue to be Henry
16 F. Johnson after his death more than three and one-half years ago, I believe that the
17 Objection is not properly noticed and it should be continued at least two months.

18     11.    It is also noted that in the most recent filing by the Trustee he discloses that in
19 this more than eight year old estate, in which he has been the trustee since 2008, he seeks to
20 abandon unadministered assets and that it has only approximately $96,000.00 in cash. If that
21 is the case, it is believed that the Trustee should estimate what the Chapter 7 administrative
22 expenses are, what the Chapter 11 administrative expenses are, which would be subordinate
23 to the Chapter 7 administrative expenses, and to see what we are talking about as a possible
24 distribution in light of the fact that Debtor's Chapter 11 counsel has filed and has been waiting
25 for a ruling on its application for final compensation of $148,672.50 filed on May 20, 2008 as
26 Doc. No. 213.

27     12.    It is requested that due to the improper notice, the equities of this case and the
28 unanswered questions, that this Honorable Court continue the hearing on the objection to the

DECLARATION OF WILLIAM H. BROWNSTEIN IN RESPONSE TO MOTION TO DISALLOW CLAIM OF HENRY F.
JOHNSON, GREENLEAF DISTRIBUTION SERVICES, INC. (Claim 68-1); REQUEST FOR CONTINUANCE PURSUANT
TO LBR 9013-1(m)

1  POC No. 68-1 for at least two months pursuant to LBR 9013-1(m), and that if the Court
2  declines that request that it overrule the objection as being untimely as the Trustee had at
3  least three and one half hears to object to Mr. Johnson's claim while he was alive and he did
4  nothing, and that it grant such other and further relief as it deems just and proper.
5      This response is based on the foregoing, the attached Declaration, upon the
6  documents on file in this case and upon such evidence, both oral and documentary as may
7  be presented at the time of the hearing on the Objection.

Dated: October 2, 2015              Respectfully submitted,

                                    William H. Brownstein & Associates,
                                        Professional Corporation

                                    By: ___/s/ William H. Brownstein___
                                    William H. Brownstein, Specially
                                    Appearing for Heirs of Henry F. Johnson

---

DECLARATION OF WILLIAM H. BROWNSTEIN IN RESPONSE TO MOTION TO DISALLOW CLAIM OF HENRY F. JOHNSON, GREENLEAF DISTRIBUTION SERVICES, INC. (Claim 68-1); REQUEST FOR CONTINUANCE PURSUANT TO LBR 9013-1(m)

4

**DECLARATION OF WILLIAM H. BROWNSTEIN**

I, William H. Brownstein, do hereby declare and state as follows:

1.  I am an attorney-at-law duly admitted to practice before all courts of the State of California and before this Court. I am a Certified Specialist in Bankruptcy Law by the State Bar of California. Pursuant to the Order of the Bankruptcy Court William H. Brownstein & Associates, Professional Corporation were employed as Chapter 11 counsel for H & C Disposal, Inc. (The "Debtor"), and in that capacity I was assigned to handle all aspects of this case.

2.  During the administration of the Chapter 11 case I am aware that Henry F. Johnson was employed as a consultant to work for the Debtor in its operation. From my prior knowledge of Mr. Johnson he had been actively engaged in the waste management business which is the same business operated by the Debtor for several years.

3.  Mr. Johnson died in May 2012 and I attended his memorial on May 26, 2012 at the house of his daughter, Lisa Johnson Woods ("LJW") located in Yorba Linda, California.

4.  Due to the death of Mr. Johnson and the fact that I received the notice of the objection in September, 2015, I was faced with the dilemma of how to apprise the court of his death and the impossibility of his being served with the objection.

5.  I attempted to reach LJW, and I received a response from her after she received my letter including a copy of the objection in late September, 2015.

6.  According to LJW, at the time of her fathers death he had no estate and as such no estate had been opened to administer. In fact, the only possible asset in his estate would be his entitlement under his proof of claim which had overall been disregard and ignored since the Trustee's appointment in this case in or around 2008, some seven years ago.

7.  At the request of Mr. Johnsons children I have agreed to appear and request the continuance or to try to resolve the Trustees objections.

8.  As the counsel for the Debtor, the Debtor had no problem with Mr. Johnson's services nor did it have any belief that he was an outside professional. He was employed at the location of the Debtor, was involved with its operations and the services for which he was

DECLARATION OF WILLIAM H. BROWNSTEIN IN RESPONSE TO MOTION TO DISALLOW CLAIM OF HENRY F. JOHNSON, GREENLEAF DISTRIBUTION SERVICES, INC. (Claim 68-1); REQUEST FOR CONTINUANCE PURSUANT TO LBR 9013-1(m)

5

1 performing was from what I understand the regular operations of management of a debtor in

2 Debtors industry and business.

3     9.    Unfortunately, however, due to the fact that Mr. Johnson died more than three

4 years ago, and due to the fact that notice of the objection was NOT received by him, which

5 was an impossibility, or his family until I got them a copy, and Greenleaf Distribution Services,

6 Inc., for which I do not see any basis for a claim or objection thereto, was never properly

7 served as its "president" could not, in my opinion, possibly continue to be Henry F. Johnson

8 after his death more than three and one-half years ago, I believe that the Objection is not

9 properly noticed and it should be continued at least two months.

10     10.    I also note that in the most recent filing by the Trustee he discloses that this

11 more than eight year old estate, in which he has been the trustee since 2008, he seeks to

12 abandon unadministered assets and that it has only approximately $96,000.00 in cash. If that

13 is the case, I believe that the Trustee should estimate what the Chapter 7 administrative

14 expenses are, what the Chapter 11 administrative expenses are, which, under my

15 understanding of the Bankruptcy Code would be subordinate to the Chapter 7 administrative

16 expenses, and to see what we are talking about as a possible distribution in light of the fact

17 that I have filed for and have been waiting a ruling on my firms application for final

18 compensation of $148,672.50 filed on May 20, 2008 as Doc. No. 213.

19     11.    I also question the reason is for the current filing of numerous objections to

20 general unsecured creditor claims when it appears from the results of the Trustee's

21 administration of this estate that there is no possibility that this will not be an administratively

22 insolvent estate and the only one to benefit from the Trustees actions in objecting to general

23 unsecured creditor claims would be Chapter 7 administrative creditors, the major one that

24 would be charging for the services relating to those objections being the Trustees own firm.

25     12.    I therefore request that this Honorable Court continue the hearing on the

26 objection to the POC No. 68-1 for at least two months, that if the Court declines that request

27 that it overrule the objection as being untimely as the Trustee had at least three and one half

28 hears to object to Mr. Johnson's claim while he was alive and he did nothing, and that it grant

DECLARATION OF WILLIAM H. BROWNSTEIN IN RESPONSE TO MOTION TO DISALLOW CLAIM OF HENRY F.
JOHNSON, GREENLEAF DISTRIBUTION SERVICES, INC. (Claim 68-1); REQUEST FOR CONTINUANCE PURSUANT
TO LBR 9013-1(m)

1. such other and further relief as it deems just and proper.
2.     I declare that the foregoing is true and correct to the best of my knowledge, information
3. and belief under the laws of the United States of America under the penalty of perjury and if
4. called upon to testify thereon as a witness I would be competent to so testify.
5.     Executed this 2nd day of October 2015.

                                    */s/ William H. Brownstein*
                                    William H. Brownstein

DECLARATION OF WILLIAM H. BROWNSTEIN IN RESPONSE TO MOTION TO DISALLOW CLAIM OF HENRY F.
JOHNSON, GREENLEAF DISTRIBUTION SERVICES, INC. (Claim 68-1); REQUEST FOR CONTINUANCE PURSUANT
TO LBR 9013-1(m)

7

| In re: | | CHAPTER 7 |
|---|---|---|
| H & C DISPOSAL, INC., | Debtor(s). | CASE NUMBER 2:07-bk-13812BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1250 Sixth Street, Suite 205, Santa Monica, CA  90401-1637

A true and correct copy of the foregoing document described DECLARATION OF WILLIAM H. BROWNSTEIN IN RESPONSE TO MOTION TO DISALLOW CLAIM OF HENRY F. JOHNSON, GREENLEAF DISTRIBUTION SERVICES, INC. (Claim 68-1); REQUEST FOR CONTINUANCE PURSUANT TO LBR 9013-1(m)  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 2, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Kyra E Andrassy    kandrassy@swelawfirm. com,,
sheets@swelawfirm.com;gcruz@swelawfirm. com;hdavis@swelawfirm.com
Stephen F Biegenzahn, efile@sfblaw.com
William H Brownstein Brownsteinlaw.bill@gmail.com
Jennifer Witherell Crastz  jcrastz@hemar-rousso. com

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On October 2, 2015 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
4326 Camphor Ave, Yorba Linda, CA

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 2, 2015, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
The Honorable Sheri Bluebond, 255 East Temple, Courtesy Box, Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 2, 2015 | William H. Brownstein | /s/ William H. Brownstein |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| In re: | | CHAPTER 7 |
|---|---|---|
| H & C DISPOSAL, INC., | Debtor(s). | CASE NUMBER 2:07-bk-13812BB |

ECF Activity Continued
  LeiLeiWangEkvall, lekvall@swelawfirm.com,
  csheets@swelawfirn.com
  gcruz@swelawfirm.com;hdavis@swawfirm.com
  Beth Gaschen, bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
  Jeffrey I Golden, jones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.eom;lfisk@wgllp.eom
  Jeffrey I Golden (TR), jones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.eom;lfisk@wgllp.eom
  HOWARD Grobstein, documents@gtfas.com
  Lesley A Hawes, lesley.hawes@dentons.com, chris.omeara@dentons.com
  William H. Kiekhofer, wkiekhofer@mcguirewoods.com
  Scott Lee, slee@lbbslaw.com, monique.talamante@lewisbrisbois.com
  John T Madden, jmadden@katzyoon.com
  Alvin Mar, alvin.mar@usdoj.gov
  Randall P Mroczynski, randym@cookseylaw.com
  Vicki L Schennum, schennumlaw@gmail.com
  United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**